UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00229-MOC

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMELL LAMON CURETON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the defendant's Motion for Modifications of Conditions of Confinement (#571). Having considered such motion and reviewed the pleadings, the court enters the following Order.

The defendant requests that the court enter an Order removing the defendant from solitary confinement or, in the alternative, a modification to the relevant Special Administrative Measures ("SAM") regarding the defendant's designation so that he may serve his sentence in the general population. (#571) at 1. The defendant alleges that his current conditions of confinement (post-sentencing, while awaiting designation) violate his due process rights under the Fifth Amendment and rights to be free from cruel and unusual punishment under the Eighth Amendment. In this case, the Court held a sentencing hearing on April 25, 2017. Upon designation, defendant will be transferred to a BOP facility outside this district from his current place of confinement within this district.

To the extent defendant asks the court to change his current conditions of confinement, that request is essentially moot as the Court has asked the Bureau of Prisons

1

to expedite the designation.

To the extent defendant asks this Court to compel the Bureau of Prisons to alter his designation or to lift the SAM, the designation is left to the executive and not the judicial branch. Once that designation is made, defendant will be able to avail himself of the formal written "Administrative Remedy Request" as required by 28 C.F.R. § 542.14, *et seq.* and after exhausting administrative remedies, pursue any judicial remedy under § 2241 in the district of confinement.

It is clear that conviction of a federal crime does not strip an inmate of constitutional protections. See Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, deference is afforded prison officials, especially given the separation of powers. Turner v. Safely, 482 U.S. 78, 84 (1987). Given the factual basis for the offenses of conviction, the Court cannot conclude that the SAM has been improperly or vindictively placed or that defendant has been improperly classified while being held in this district. Clearly, this defendant orchestrated the murders of others while being detained pending trial.

Where BOP designates defendant to serve his sentence is beyond this Court's control. The Court does not, however, desire for anyone -- even a person convicted of the most heinous crimes -- to spend the remainder of their life in administrative segregation. Recognizing that designations are within the sound discretion of the Executive Branch, the Court recommends that the BOP work to provide a designation that enables defendant opportunities to appropriately interact with others, albeit in a highly controlled prison setting, without putting at risk other members of the community. The court expects that a

real review of this SAM will occur annually to determine necessity going forward.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendant's Motion for Modifications of Conditions of Confinement (#571) is **DENIED**, as the court's sentence in this matter will render the matter **MOOT.** Defendant will be designated to a BOP facility. Thereupon, if judicial review is necessary, he may initiate legal actions in the district of confinement.

Signed: May 4, 2017

Max O. Cogburn Jr
United States District Judge